1  Todd C. Theodora (State Bar No. 120426)
   Brian Neach (State Bar No. 242801)
2  THEODORA ORINGHER PC
   535 Anton Boulevard, Ninth Floor
3  Costa Mesa, California  92626-7109
   Telephone: (714) 549-6200
4  Facsimile: (714) 549-6201
   Email: bneach@tocounsel.com
5
   Curtis C. Chen (State Bar No. 125576)
6  CURTIS C. CHEN & ASSOCIATES
   535 Anton Blvd., Suite 900
7  Costa Mesa, CA 92626
   Tel: (714) 427-1868
8  Fax: (714) 427-1886

9  Attorneys for defendants Zhuoguo Chen and
   Huan Wang

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  CHINACAST EDUCATION                     Case No. 2:15–CV–05475–AB (Ex)
    CORPORATION,
15                                          District Judge: Hon. André Birotte Jr.
                    Plaintiffs,             Magistrate Judge:  Hon. Charles F. Eick
16
         vs.                                **DEFENDANTS ZHUOGUO
17                                          CHEN'S AND HUAN WANG'S
    CHEN ZHUOGUO, HAUN WANG                 REPLY RE: ORDER TO SHOW
18  AND MOTIVATION                          CAUSE**
    INTERNATIONAL INVESTMENT
19  CO. LTD.

20                  Defendants.            Date Action Filed:  July 20, 2015
                                           Trial Date:         None Set
21

22

23

24

25

26

27

28

# I.       Introduction

ChinaCast's response to this Court's Order to Show Cause ("OSC") and accompanying declaration confirm ChinaCast "is no longer in existence and good standing under [Delaware] law" and became "inoperative and void" on March 1, 2014. ChinaCast makes no suggestion it is in the process of, or even intends to, revive its status. As this Court's OSC indicates, ChinaCast therefore lacks standing and its First Amended Complaint ("FAC") should be dismissed.

ChinaCast tries to avoid dismissal by arguing it filed this lawsuit within three years of being declared void and Section 278 of the Delaware General Corporation Law ("GCL") preserves its right to sue under Delaware law. But, as the Court's OSC already recognized, there is a split of authority on whether a "void" corporation such as ChinaCast is considered a "dissolved" corporation that can claim the benefit of Section 278's three-year provision. (OSC at 7.) In such situations, the Court is tasked with predicting how the Supreme Court of Delaware would address the issue. And—again as this Court noted in its OSC—the Supreme Court of Delaware squarely stated that a void Delaware corporation "ceased to exist" and "lost any standing" to pursue an appeal. There is no indication the Supreme Court of Delaware would hold any differently with respect to the ability to pursue a lawsuit in trial court.

Moreover, interpreting Section 278 as ChinaCast asks this Court to do would render of no effect Section 277(1) of the GCL, which provides that "[n]o corporation shall be ***dissolved*** . . . until . . . [a]ll franchise taxes due to . . . the State . . . have been paid by the corporation; . . .." It is a basic tenet of Delaware law that statutes are to be construed in a manner that does not render other statutes superfluous. This is a further indication that the Supreme Court of Delaware would conclude ChinaCast lacks standing and this lawsuit is not salvaged by Section 278 of the GCL.

A corporation that no longer exists under its state of incorporation is incapable of receiving redress for any claimed injury. For all of the foregoing reasons and as

THEODORA ORINGHER
COUNSELORS AT LAW

1  discussed further below, the Court should dismiss ChinaCast's FAC for lack of
2  standing.

3  **II.    A void and inoperative corporation lacks Article III standing.**

4       Constitutional standing principles originate from Article III's case-or-controversy
5  requirement. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528
6  U.S. 167, 180 (2000). "The irreducible constitutional minimum of standing contains
7  three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). In addition to
8  injury in fact and a causal connection between "the injury and the conduct complained
9  of," standing requires that "it must be 'likely,' as opposed to merely 'speculative,' that
10 the injury will be 'redressed by a favorable decision.'" *Id.* (quoting *Simon v. Eastern*
11 *Ky. Welfare Rights Org.*, 426 U.S. 41-42 (1976)); *see also Allen v. Wright*, 468 U.S. at
12 753 n.19 (explaining that the inquiry under the redressability element "examines the
13 causal connection between the alleged injury and the judicial relief requested").

14      The party invoking federal jurisdiction bears the burden of establishing the
15 elements of standing. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "Since
16 they are not mere pleading requirements but rather an indispensable part of the
17 plaintiff's case, each element must be supported in the same way as any other matter on
18 which the plaintiff bears the burden of proof, i.e., with the manner and degree of
19 evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561
20 (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883–889 (1990)).

21      The evidence submitted by ChinaCast with its response demonstrates that, on
22 March 1, 2014, the State of Delaware declared ChinaCast to be "inoperative and void"
23 for non-payment of taxes. (Doc. 40-1, G. Schwegmann Decl., Ex. 1.) In fact, the
24 evidence establishes that ChinaCast no longer exists under Delaware law. (*Id.*) As the
25 Court suggested in its OSC, the declaration of ChinaCast as "inoperative and void"
26 followed from Section 510 of the GCL, which provides that a Delaware corporation
27 that has not paid its taxes for one year suffers the following: "the charter of the
28

*DEFENDANTS ZHUOGUO CHEN'S AND HUAN WANG'S REPLY IN SUPPORT OF MOTION TO*
*DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)*

THEODORA ORINGHER
COUNSELORS AT LAW

1  corporation shall be void, and all powers conferred by law upon the corporation are
2  declared inoperative, . . ..""

3      The Court must look to the law of the State of Delaware to determine
4  ChinaCast's power under Delaware law and standing to bring this lawsuit. (OSC at 5
5  (citing *City Commc'ns v. City of Detroit*, 888 F.2d 1081, 1086 (6th Cir. 1989).) When
6  interpreting state law, federal courts are bound by decisions of the state's highest court.
7  *See Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir.1996). Where
8  there is no decision from the state's highest court, "a federal court must predict how the
9  highest state court would decide the issue using intermediate appellate court decisions,
10  decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Id.*
11  (quoting *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir.
12  1996)).

13      The Supreme Court of Delaware has stated in no uncertain terms that where "the
14  charter or certification of incorporation of the corporation has, pursuant to 8 Del. C.
15  § 510, become void and revoked and all powers heretofore conferred upon the
16  corporation have become 'inoperative,'" the corporation "has thereby ceased to exist
17  and has lost any standing to appeal and be heard, even if represented by counsel."
18  *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1990 WL 168276, at
19  *1 (Del. 1990) (unpublished table decision). While one lower court in Delaware
20  described the *Transpolymer* court's discussion as "dicta," *see First State Staffing Plus,*
21  *Inc. v. Montgomery Mut. Ins. Co.*, No. CIV.A. 2100-S, 2005 WL 2173993, at *7 (Del.
22  Ch. Sept. 6, 2005), the Supreme Court of Delaware has indicated otherwise. In *Belfint,*
23  *Lyons & Shuman, P.A. v. Pevar*, 862 A.2d 385, 2004 WL 2127217, at *2 (Del. 2004)
24  (unpublished table decision), the Supreme Court of Delaware stated "we considered in
25  *Transpolymer* whether an inactive corporation had standing to appear in court
26  notwithstanding representation by counsel." Thus, the *Transpolymer* court's discussion
27  regarding standing was far from being dicta, but rather was the central holding of the
28  case.

*DEFENDANTS ZHUOGUO CHEN'S AND HUAN WANG'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)*

THEODORA ORINGHER
COUNSELORS AT LAW

Although unpublished, the Supreme Court of Delaware's holding in *Transpolymer* and its confirmation of that holding in *Pevar* are clear indications of how the Supreme Court of Delaware would decide the issue at the heart of the Court's OSC.[1]  ChinaCast's corporate charter is void, it lacks any corporate power, and it no longer exists under its state of incorporation.  ChinaCast simply cannot satisfy the "redressability" prong to establish it has standing.

## III.   A void corporation is not a "dissolved" corporation under Section 278 of the GCL

Notably, the certification from the Secretary of State of Delaware says nothing about ChinaCast being in "dissolution" or "dissolved."  (Schwegmann Decl., Ex. 1.)  ChinaCast argues, however, that it filed its lawsuit within three years of being declared void and is allowed to maintain it under Section 278 of the GCL, which provides that all corporations "expir[ing] by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . for the purpose of prosecuting and defending suits, . . .."  (ChinaCast Resp. at 2:19-4:4.)

Although ChinaCast cites cases in support of its argument, they are directly contrary to the Supreme Court of Delaware's decision in *Transpolymer*, which concluded a void corporation lacked standing.  Further, equating ChinaCast's "void" status with "dissolved" is unsupported under the GCL.  Section 278 permits "dissolved corporations" to resolve lawsuits necessary to wind up their affairs for three years after the date of their dissolution.  The loss of a certificate of incorporation, however, is not

---

[1] Unpublished decisions are precedent under Delaware law and may be cited in briefing submitted to the Supreme Court of Delaware.  *See* Del. Sup. Ct. Rule 14(b)(vi)(4); *id.* Rule 17(a) commentary ("The purpose of this rule change is to make clear that orders of this Court may be cited as precedent in unrelated cases in this Court and in any other Delaware Court, which was the intent of the amendment of Rule 17(a), effective April 15, 1983.")

DEFENDANTS ZHUOGUO CHEN'S AND HUAN WANG'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

THEODORA ORINGHER
COUNSELORS AT LAW

1   "dissolution." *See United States v. Ne. Pharm. & Chem. Co.*, 810 F.2d 726, 747 (8th

2   Cir. 1986) (holding that a Delaware corporation that had "lost its charter" had "not been

3   dissolved"); *Bd. of Managers of Soho Int'l Arts Condo. v. City of New York*, No. 01 Civ.

4   1226 (DAB), 2005 WL 1153752, at *11 & n. 19 (S.D.N.Y. May 13, 2005) (observing

5   that under Delaware law, "[d]issolution of a corporation is a specific legal term and is

6   not the legal equivalent of a corporation declared inactive for nonpayment of franchise

7   taxes"); *but see Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (Del.

8   1968) (stating, in dicta and without analysis, that Section 278 allowed a corporation,

9   which had failed to pay taxes, to bring suit).[2]  "Moreover, Section 278's location in a

10  statutory chapter entitled 'Dissolution and Winding Up' and its express disallowance of

11  corporate powers 'for the purpose of continuing the business for which the corporation

12  was organized' confirms that the capacity granted thereunder extends solely to

13  corporations that have paid their corporate taxes and are 'winding up' their activities

14  pursuant to the orderly procedures required in Delaware for dissolution." *In re Efoora,*

15  *Inc.*, 472 B.R. 481, 486 (Bankr. N.D. Ill. 2012) (citing *City Investing Co. Liquidating*

16  *Trust v. Continental Cas. Co.*, 624 A.2d 1191, 1194 (Del. 1993) (purpose of Section

17  278 is to "provide a mechanism for the assertion of claims [against defunct

18  corporations] as part of the 'winding up' process.")).

19        In conjunction with *Transpolymer*, the above authorities provide persuasive

20  reasoning that the Supreme Court of Delaware would not apply Section 278 to a void

21  and inoperative corporation.  *See In re Apple iPod iTunes Antitrust Litig.*, No. 05-CV-

22  0037 YGR, 2014 WL 6783763, at *4 (N.D. Cal. Nov. 25, 2014) ("While authority is

---

[2]  The *Gorson* court's discussion was clearly dicta.  The court stated the issue it was
deciding as follows: "May the president of a corporation, the charter of which has been
proclaimed for failure to pay franchise taxes, be held personally liable upon a contract
entered into by him in behalf of the corporation after the proclamation of the charter
and before its revival?" *Gorson*, 243 A.2d at 714.  In short, the corporation had been
revived and it was unnecessary to consider the effect of Section 278.  *Id.* at 215.

DEFENDANTS ZHUOGUO CHEN'S AND HUAN WANG'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

THEODORA ORINGHER
COUNSELORS AT LAW

split on whether voided corporations fall under section 278, the Court finds more persuasive the approach followed by the Delaware Supreme Court—that void corporations lose their standing to pursue legal actions until the corporate status is restored." (citing *Metro. Interconnect, Inc. v. Alexander & Hamilton, Inc.*, Case No. 04–cv–2896, 2005 WL 1431670, at *2 (E.D. La. May 26, 2005)).

The cases relied upon by ChinaCast for applying Section 278 to its void status are less persuasive. *United States v. McDonald & Eide, Inc.*, 670 F. Supp. 1226, 1229 (D. Del. 1987), was decided before the Supreme Court of Delaware's decision in *Transpolymer*. Further, both *Gorson* and *McDonald* trace their holdings back to a 1911 decision by the Delaware Court of Chancery, *Harned v. Beacon Hill Real Estate Co.*, 80 A. 805 (Del. Ch. 1911), *aff'd sub nom.*, 84 229 (Del. 1912). *See McDonald*, 670 F. Supp. at 1230 (citing *Harned*); *Gorson*, 243 A.2d at 715 (same). The GCL, however, underwent a "comprehensive revision" in 1967, *see In re Cox Commc'ns S'holders Litig.*, 879 A.2d 604, 614 (Del. Ch. 2005), and deference should be given to the Supreme Court of Delaware's more recent *Transpolymer* decision.

Finally, construing Section 278 to include void corporations such as ChinaCast within the ambit of "dissolved" corporations contradicts Section 277 of the GCL. Section 277 provides: "No corporation shall be ***dissolved***, . . . under this chapter until: (1) All franchise taxes due to or assessable by the State . . . have been paid by the corporation; . . .." Del. Code, Title 8, §§ 277, 277(1) (emphasis added); *see also In re Efoora, Inc.*, 472 B.R. at 486 (noting that GCL Section 277 indicates a void corporation is not a dissolved corporation under Section 278).[3] Thus, treating a void corporation as "dissolved" for purposes of Section 278 would render Section 277 mere surplusage.

_____

[3] None of the courts in the cases cited by ChinaCast considered the impact of Section 277 of the GCL. Nor does it appear that the *Harned* court—whose decision substantially supported the discussion regarding Section 278 in *McDonald* and *Gorson*—addressed any predecessor to Section 277. *See* .

- 6 -

DEFENDANTS ZHUOGUO CHEN'S AND HUAN WANG'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

1  But the Supreme Court of Delaware endeavors to avoid construing statutes in a manner

2  that would render other statutes superfluous. *CML V, LLC v. Bax*, 28 A.3d 1037, 1041

3  (Del. 2011) ("We also ascribe a purpose to the General Assembly's use of particular

4  statutory language and construe it against surplusage if reasonably possible."). Instead,

5  statutes are to be harmonized to the extent possible and, here, it is reasonable and in

6  accordance with *Transpolymer* to construe Section 278 as ***not*** including void

7  corporations within the definition of "dissolved" corporations. *See id.* (statutes are to

8  be construed to "produce a harmonious whole").

9       Void corporations no longer in existence are not considered "dissolved" for

10  purposes of Section 278 of the GCL. ChinaCast's reliance on that statute is therefore

11  misplaced and its FAC should be dismissed.

**IV.   Conclusion**

13       Delaware has proclaimed that ChinaCast no longer exists as a Delaware

14  corporation, is void, and is inoperative. ChinaCast therefore lacks standing because it

15  cannot satisfy the redressability prong. Nor do the relevant authorities support applying

16  Section 278 of the GCL to void corporations like ChinaCast. The Court should dismiss

17  the FAC for ChinaCast's lack of standing.

19  DATED: February 8, 2016        THEODORA ORINGHER PC

21                         By: /s/ Brian Neach
22                              Todd C. Theodora
                               Brian Neach

24                              CURTIS C. CHEN & ASSOCIATES
                               Curtis C. Chen
25                              Attorneys for defendants Zhuoguo Chen and
                               Huan Wang

**DEFENDANTS ZHUOGUO CHEN'S AND HUAN WANG'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Lisa S. Tsai
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Suite C300
Austin, TX 78746
ltsai@rctlegal.com

DATED this 8th day of February, 2016.

_s/ Brian Neach_____
Brian Neach
Attorney for Defendants
Zhuoguo Chen and Huan Wang